# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:16-CV-221-FDW-DCK

| | |
|---|---|
| JEREMIAH HARROLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) MEMORANDUM AND ) RECOMMENDATION |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 7) and Defendant's "Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Jeremiah Harrold ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about October 29, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning October 28, 2011. (Administrative

Transcript ("Tr.") 16, 251).[1]  The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about September 11, 2014, and again after reconsideration (Tr. 16, 88-90, 107-108, 128, 137).

In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, **based on the evidence in file, we have determined that you can adjust to other work**. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 137) (emphasis added).

Plaintiff filed a timely written request for a hearing on December 10, 2014. (Tr. 16, 145). On March 23, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Nancy L. Brock (the "ALJ"). (Tr. 16, 38-70). In addition, Chelsea Brown, a vocational expert ("VE"), and Timothy D. Welborn, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 1, 2016, denying Plaintiff's claim. (Tr. 13-30). On or about September 29, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on October 20, 2016. (Tr. 1-5, 10). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

---

[1] The record also indicates applications for disability insurance benefits and supplemental security income were filed on or about June 27, 2012 and November 4, 2013, respectively; however, the parties failed to address those parts of the procedural history. See (Tr. 236, 240). The ALJ noted that the June 2012 Title II application was denied, and not appealed. (Tr. 16).

2

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 16, 2016. (Document No. 1). On January 11, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 7-1) were filed May 4, 2017; and Defendant's "Motion For Summary Judgment" (Document No. 11) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 12) were filed August 7, 2017. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Frank D. Whitney is now appropriate.

## II.   STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 28, 2011, and the date of her decision.[2] (Tr. 16). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 29-30).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since October 28, 2011, his alleged disability onset date. (Tr. 18). At the second step, the ALJ found that posttraumatic stress disorder ("PTSD"); degenerative disc disease of the lumbar and cervical spine (mild); and cognitive disorder were severe impairments.[3] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform sedentary work, with the following limitations:

> he can only walk short distances with the assistance of a cane. He can frequently, not constantly, use his right hand. He can carry out simple, routine tasks and relate appropriately to co-workers and supervisors on an occasional basic level. His environment should be at a non-production pace with little noise and few changes in routine or demands.

(Tr. 20). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a medic. (Tr. 28-29). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a document preparer, an office clerk, and a stuffer. (Tr. 30). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 28, 2011, and the date of her decision, August 1, 2016. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to give appropriate weight to the Department of Veterans Affairs ("VA") disability rating; (2) the ALJ failed to consider all of Plaintiff's severe impairments; and (3) the ALJ failed to give

6

appropriate weight to the psychological consultative examiners. (Document No. 7-1, pp.2, 8-14). The undersigned will discuss each of these contentions in turn.

**A.     VA Disability Rating**

In his first assignment of error, Plaintiff argues that the ALJ failed to give appropriate weight to his disability rating by the VA. (Document No. 7-1, pp.8-11). Plaintiff served as a Navy medic from June 21, 2005 through October 28, 2011. (Document No. 7-1, p.8) (citing Tr. p. 42). Plaintiff served several tours of duty, including in Iraq from 2006-2007 and in Afghanistan from 2008-2009. Id. (citing Tr. 43). "He was exposed to nine roadside bombs, three on foot patrol and six in vehicles." Id. "Additionally, a 107mm rocket skipped off a roof, hit his right leg, breaking it, and knocked him off the roof." Id.

Upon his discharge in October 2011, the VA continued to treat Plaintiff for various medical conditions. (Document No. 7-1, p.8) (citations omitted). On April 18, 2012, the VA determined that Plaintiff was 90% disabled as of October 29, 2011; and then sometime prior to April 16, 2014, the VA determined that Plaintiff was 100% disabled. (Document No. 7-1, pp.8-9) (citing Tr. 885-892, 1724).

As noted by Plaintiff, the ALJ decided to give little weight to the VA's determination. (Document No. 7-1, p.9) (citing Tr. 26). The ALJ specifically stated:

> As for the opinion evidence, the undersigned is mindful that the claimant has been found disabled by the Veteran's Administration and has received disability payments from that agency. (Exhibits 19F/28-49, 58-85) However, the Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency is not binding on this proceeding. (20 CFR 404.1504, see also SSR 96-5p on issues reserved to the Commissioner). Thus, the undersigned gives little weight to the Department of Veterans Affairs determination. The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of

7

> Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings.

(Tr. 26).

Plaintiff further notes that the Fourth Circuit has held that:

> in making a disability determination, the SSA must give **substantial** weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ **clearly demonstrates** that such a deviation is appropriate.

(Document No. 7-1, p.9) (quoting Bird v. Comm'r of SSA, 699 F.3d 337, 343 (4th Cir. 2012)). Plaintiff concludes that the ALJ has "failed to identify any evidence which may exist to counter the evidence which supports the VA's decision" or that "'clearly demonstrates' that the VA disability rating be given anything less than substantial weight. (Document No. 7-1, p.10).

In response, Defendant argues that the ALJ properly considered the VA's finding and provided an adequate explanation for giving the VA's finding little weight. (Document No. 12, pp.5-8). Defendant contends that "[u]nlike *Bird*, this is not a case where the ALJ failed to mention or explain the consideration given to the VA's disability decision." (Document No. 12, p.5).

> In the instant case, the ALJ acknowledged the VA's rating and assigned little weight because the VA rating failed to make a function-by-function assessment of Plaintiff's capabilities (i.e., determine the claimant's residual functional capacity); it did not determine whether Plaintiff was able to perform either his past relevant work; nor did it determine whether other work exists in significant numbers in the national economy as is required by the Regulations (Tr. 26). Thus, the ALJ opined that this disability rating by the Department of Veterans Affairs was of little probative value (Tr. 26). Thus, remand is not required under *Bird v. Commissioner*,

8

>  699 F.3d 337 (4th Cir. 2012), because the ALJ clearly demonstrated
>  why the VA rating warranted less than substantial weight.

Id. (citing Tr. 26).

Defendant acknowledges that the ALJ did not identify medical evidence in his discussion paragraph about the VA; however, Defendant contends that the ALJ's decision did properly evaluate and identify the exact same medical evidence considered by the VA. See (Document No. 12, pp.5-8) (citing Tr. 23, 26-28) (citing Tr. 72-89, 91-108, 110-123, 480, 520, 542, 566, 584, 617, 682, 773-786, 794-815, 798, 816-821, 917, 985, 1027, 1063, 1085, 1278, 1281-1284, 1289-1366, 1395, 1460, 1568, 1738-1748, 1793-1789). Most notably, the ALJ specifically cited the opinion of VA neurologist Kennedy Burton, M.D., who opined that Plaintiff could perform sedentary work. (Tr. 27) (citing Tr. 1394). The ALJ gave Dr. Burton's opinion "great weight, as it is consistent with the overall evidence of record." Id.

Based on the ALJ's explanation, as well as her consideration of the evidence, Defendant concludes there was no error. (Document No. 12, p.8) (citing Johnson v. Colvin, 2014 WL 4636991, at *8-10 (E.D.N.C. Sept. 16, 2014) (affirming ALJ's decision to deviate from disability rating based on evidence in the record).

The undersigned finds Defendant's argument to be most persuasive. Moreover, Plaintiff has conceded that an ALJ may give less weight to the VA disability rating when the record shows that deviation is proper. (Document No. 7-1, p.9) (quoting Bird, 699 F.3d at 343). The undersigned finds that the ALJ here conducted a thorough analysis of the medical record and that substantial evidence supports her decision to give the VA's decision less weight, and to find Plaintiff not disabled.

**B.     Severe Impairments**

9

Next, Plaintiff challenges the ALJ's consideration of his severe impairments. (Document No. 7-1, pp.11-12). Specifically, Plaintiff notes that Plaintiff had been "treated regularly for migraine headaches and bilateral knee pain with paresthesia," but the "ALJ only briefly discussed these conditions in his decision." (Document No. 7-1, p.11) (citing Tr. 19-20). Plaintiff further notes that "the VA determined that the claimant has 30% disability based on migraines and 10% disability based on right leg pain with nerve damage and an additional 10% for right leg peroneal palsy." Id. (citing Tr. 897-901). Plaintiff concludes that the ALJ's decision is invalid and requires remand because the ALJ declined to consider these conditions to be severe impairments. (Document No. 7-1, p.12).

In response, Defendant contends there is no error here because the ALJ found that Plaintiff's migraines and bilateral knee pain were not severe; and that she considered the effects of all Plaintiff's impairments when she formulated the RFC. (Document No. 12, p.9)(citing Tr. 19-20); see also (Tr. 19) (citing Tr. 384, 1304, 1308-1309, 1587) and (Tr. 20) (citing Tr. 718, 856, 985, 1062, 1459). Defendant further asserts that:

> The failure to find an alleged impairment severe at step two is not reversible error where the ALJ considers the alleged impairment at subsequent steps of the analysis. *See, e.g., Winston*, 2012 WL 40864448, at *4 (noting that "[a]n ALJ's erroneous failure to find an impairment ... severe at step two of the sequential analysis is harmless error if other impairments are found to be severe and the omitted impairment is considered at subsequent steps."); *Atkinson v. Astrue*, No. 5:10–CV–298–FL, 2011 WL 3664346, at *8 (E.D.N.C. July 20, 2011) (citing *Jones v. Astrue*, No. 5:07–CV–452–FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009)), *adopted by* 2011 WL 3664858 (E.D.N.C. Aug. 18, 2011).

(Document No. 12, p.11).

The undersigned agrees that the ALJ adequately addressed Plaintiff's headaches and right knee conditions. The crux of Plaintiff's allegation is that the ALJ "only briefly discussed these

10

conditions." (Document No. 7-1, p.11). As such, Plaintiff acknowledges that the ALJ addressed these impairments, he just disagrees with the ALJ's weighing of the evidence. As noted above, it is not for the Court to re-weigh the evidence, particularly where, as here, the ALJ relied on substantial evidence to support her determination.

The undersigned also observes that in addressing the severity of Plaintiff's impairments, the ALJ specifically noted:

> Nonsevere impairments can, however, when considered in conjunction with one another and the claimant's severe impairments, affect his residual functional capacity. In recognition of this fact, and in accordance with Social Security regulations, **any such effect that the claimant's non-severe impairments would have on his ability to function has been considered** when formulating his residual functional capacity. (SSR 96-8p).

(Tr. 19) (emphasis added).

Based on the foregoing, the undersigned finds no basis to doubt the ALJ's assertion that she considered Plaintiff's severe and non-severe impairments when formulating the RFC. The undersigned is not persuaded that Plaintiff's alleged error requires remand or reversal.

### C. Psychological Consultative Examiners

Finally, Plaintiff argues that the ALJ erred by failing to give appropriate weight to all of the opinions of the psychological consultative examiners. (Document No. 7-1, pp.12-14).

Plaintiff contends that the ALJ afforded "great weight to the overall opinions of Mr. Bevis and Dr. Fiore in the record at Exhibit 16F [Tr. 816-821]." (Document No. 7-1, p.12) (citing Tr. 27-28). However, Defendant suggests that the RFC finding does not reflect the opinions of Mr. Bevis and Dr. Fiore. (Document No. 7-1, p.13). Plaintiff also notes that the ALJ described Mr. Bevis and Dr. Fiore's opinions as stating that he "may have difficulty relating to co-workers and

supervisors," but that they actually opined that Plaintiff "will experience significant difficulties." Id. (citing Tr. 27-28) and (Tr. 820).

Plaintiff also contends that the ALJ mistakenly read these consultative examiners' opinion as addressing physical conditions that preclude work, instead of psychological conditions. (Document No. 7-1, pp.13-14).

In most pertinent part, Defendant's response argues that the ALJ properly accounted for Plaintiff's difficulty relating to co-workers and supervisors by limiting his RFC to "occasional social interaction in a non-production pace environment with little noise and few changes." (Document No. 12, p.14).

The undersigned finds that the ALJ adequately considered the consultative psychological examiners' opinions and supported her determination with substantial evidence. See (Tr. 25-28). The ALJ actually addressed the opinions of Bevis and Fiore in two separate places in the decision. See (Tr. 26-27). After first summarizing their opinion, the ALJ stated that:

> The claimant's therapy and medication history, as well as his normal mental status examinations and largely unremarkable findings on psychological consultative examination do not support greater limitations than occasional social interaction in a non-production pace environment with little noise and few changes. These limitations accommodate the claimant's PTSD symptoms, which include fear of loud noises and apprehension around crowds, as well as his cognitive symptoms, which include memory and concentration disturbances.

(Tr. 26). The ALJ went on to discuss the opinions of Dr. Burton, Dr. Fulks, Mr. Bevis and Dr. Fiore, again, Dr. Fox, Dr. Cruise, and Dr. Krishnamurthy. (Tr. 27-28) (citations omitted). After addressing several psychological opinions, the ALJ then explained that:

> The opinions of the psychological and psychiatric consultants are given great weight. The opinions of Dr. Fox, Dr. Krishnamurthy, and Dr. Cruise are consistent with the overall evidence of record,

>     including the claimant's normal mental status examinations and the
>     findings and opinions of Dr. Fulks, Mr. Bevis, and Dr. Fiore.

(Tr. 28).

Again, it appears that Plaintiff disagrees with the weight the ALJ assigned the different evidence, but has failed to sufficiently argue that she failed to support her decision with substantial evidence or failed to apply correct legal standards. The undersigned acknowledges some initial reservation about affirming a determination that at first appears to contradict the VA, and thereby deny benefits to a decorated veteran; however, the undersigned is convinced that the ALJ has conducted a thorough and careful analysis that correctly applies social security disability law and pertinent regulations to this case.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 9) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 10) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 13, 2018

David C. Keesler
United States Magistrate Judge